A05A1225. EVANS v. THE STATE.
(621 SE2d 584)

JOHNSON, Presiding Judge.

The issue in this case is whether the trial court erred in ruling that under OCGA § 24-10-130 the state could introduce the sworn statement of a material witness in lieu of the witness testifying at the criminal trial of Ronald Evans. Because the state did not comply with the mandates of OCGA § 24-10-130, we hold that the court's ruling was erroneous and that Evans' conviction must be reversed.

Evans was indicted for financial transaction card fraud, forgery in the first degree and financial transaction card theft, arising out of

---

[14] Id.

his alleged use of a stolen credit card to rent a hotel room. Evans pled not guilty to the charges and proceeded to a jury trial. At the outset of the trial, Evans moved the court to prohibit the state from introducing the sworn statement of Jared Bordwell, whose credit card Evans had allegedly used.

In response to the motion, the prosecuting attorney stated that Bordwell, who was not present for the trial, was a captain in the army and was stationed at Fort Campbell in Kentucky. The prosecutor indicated that on April 27, 2004, she had sent a letter to Evans' attorney informing him that she was coordinating a deposition of Bordwell and asking the attorney to let her know if he had any questions for Bordwell. Evans' attorney did not submit any questions to the prosecutor, and she subsequently had an investigator send a list of 17 questions to Bordwell.

Bordwell did not respond to each question separately. Instead, he responded with a three-paragraph sworn statement. In the statement he claimed, among other things, that he could not attend the trial because of ongoing military operations, that he had lost his credit card, that he does not know Evans and that he had not given Evans permission to use his credit card.

The trial court ruled that Bordwell's statement was admissible, finding that the state had complied with OCGA § 24-10-130. The state subsequently presented its evidence, which consisted of Bordwell's written statement, the testimony of the three law enforcement officers who had investigated the matter and the testimony of the owner of the hotel. Evans introduced no evidence.

Before submitting the case to the jury, the trial court directed a verdict of acquittal as to the financial transaction card theft count. The jury subsequently found Evans guilty of financial transaction card fraud, but not guilty of forgery. The court imposed a two-year sentence, ordering Evans to serve one year in confinement, followed by one year of probation. Evans appeals from his conviction for the offense of financial transaction card fraud.

1. Evans asserts that the trial court erred in finding that the sworn statement of Bordwell was admissible under OCGA § 24-10-130. We agree.

OCGA § 24-10-130 establishes when a deposition to preserve testimony in a criminal proceeding may be taken. Under this Code section, the party seeking the deposition must file a motion to take a deposition. "A motion to take a deposition shall be filed in the court having jurisdiction to try the defendant for the offense charged."[1] The moving party must also give timely notice to the opposite party of the

---

[1] OCGA § 24-10-130 (d).

hearing on the motion. "The party moving the court for an order pursuant to this Code section shall give not less than one day's notice of the hearing to the opposite party."[2]

Upon the filing of the motion and after notice to the parties, the trial court may order the taking of the deposition.

> At any time after a defendant has been charged with an offense against the laws of this state or an ordinance of any political subdivision or authority thereof, upon motion of the state or the defendant, the court having jurisdiction to try the offense charged may, after notice to the parties, order that the testimony of a prospective material witness of a party be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place.[3]

The court, however, may order the taking of a deposition only if the testimony of the witness is material to the case and at least one of five circumstances concerning the witness exists.

> The court shall not order the taking of the witness's testimony . . . unless it appears to the satisfaction of the court that the testimony of the witness is material to the case and the witness: (1) Is in imminent danger of death; (2) Has been threatened with death or great bodily harm because of the witness's status as a potential witness in a criminal trial or proceeding; (3) Is about to leave the state and there are reasonable grounds to believe that such witness will be unable to attend the trial; (4) Is so sick or infirm as to afford reasonable grounds to believe that such witness will be unable to attend the trial; or (5) Is being detained as a material witness and there are reasonable grounds to believe that the witness will flee if released from detention.[4]

If the taking of a deposition is authorized, the court must then set a time period for the deposition. "If the court is satisfied that the examination of the witness is authorized by law and necessary, the court shall enter an order setting a time period of not more than 30 days during which the deposition shall be taken."[5]

---

[2] OCGA § 24-10-130 (e).
[3] OCGA § 24-10-130 (a) (1).
[4] OCGA § 24-10-130 (b).
[5] OCGA § 24-10-130 (f).

In the instant case, none of the requirements of OCGA § 24-10-130 was satisfied. The state never filed a motion to take Bordwell's deposition. And since there was no motion to rule on, the trial court never held a hearing, never found that it was satisfied that the grounds for a deposition existed and never ordered that a deposition of Bordwell be taken during a particular time period.

Instead, the state simply sent a letter to the defense stating that it was trying to coordinate a deposition of Bordwell. Apparently the state never actually scheduled a formal deposition, and instead simply e-mailed questions to Bordwell, who then responded with his sworn statement.

Under these circumstances, the trial court erred in finding that the state had complied with the requirements of OCGA § 24-10-130. Contrary to the trial court's ruling, Bordwell's statement is not a proper deposition admissible under that Code section. Moreover, the court's improper admission of the statement into evidence was harmful error since Evans never had the opportunity to cross-examine Bordwell and the statement is the only evidence that Evans used the credit card without the cardholder's permission, an essential element of the financial transaction card fraud of which Evans was convicted.[6] Because of the harmfully erroneous admission of the statement, Evans' conviction must be reversed and he is entitled to a new trial.

2. Due to our holding in Division 1, we need not address Evans' remaining enumerations of error.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 27, 2005.

*Lloyd J. Matthews*, for appellant.

*Jewel C. Scott, District Attorney, Rita B. Lewis, Staci L. Guest, Assistant District Attorneys*, for appellee.